IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTINA FRANCIS,

    Plaintiff,

 v.

COUNTY OF SAN MATEO, a municipal corporation; DEPARTMENT OF HEALTH ADMINISTRATION, a department of County of San Mateo; and FAMILY HEALTH SERVICES, a department of County of San Mateo,

    Defendants.
_____/

No. C 10-04343 CW

ORDER DEFERRING DECISION ON DEFENDANT'S MOTION TO DISMISS (Docket No. 18) AND ALLOWING PLAINTIFF TO FILE FURTHER BRIEFING

    Plaintiff Martina Francis, who is proceeding pro se, charges Defendants County of San Mateo, et al., with violations of Title VII and California's Fair Employment and Housing Act (FEHA), invasion of privacy, civil conspiracy and wrongful termination. Defendant San Mateo County moves to dismiss Plaintiff's Title VII, invasion of privacy, civil conspiracy and wrongful termination claims. The County's motion encompasses claims against itself and the other named Defendants, which are its subordinate departments. Plaintiff opposes the motion, asserting that it failed to give her adequate notice of which Rule 12(b) defense the County raised. She also argues that the County filed the motion in bad faith. The motion was taken under submission on the papers. Having considered the papers submitted by the parties, the Court DEFERS its decision on the County's motion and allows Plaintiff the opportunity to respond to the County's argument that her Title VII is time-barred.

BACKGROUND

Plaintiff, who is African American, was allegedly employed by the County from January, 2008 through August 5, 2010.[1] She avers that she worked as an Administrative Secretary III for the County's Department of Health Administration and its Family Health Services division. The conduct of which she complains occurred between June, 2008 and May, 2009.

Plaintiff alleges that she filed a charge of discrimination with the California Department of Fair Employment and Housing (DFEH). In her complaint, she refers to a DFEH complaint she filed on June 11, 2009. She attaches to her current pleading right-to-sue letters from the DFEH, dated November 12, 2009, which refer to case numbers E200809A0373-01-re and E200809A0373-00-re/37AA904048. She does not allege that she filed a complaint with or obtained right-to-sue letters from the Equal Employment Opportunity Commission (EEOC).

The County, in a request for judicial notice, proffers documents related to case number E200809A0373-00-re/37AA904048, which pertain to a complaint of discrimination filed by Plaintiff on November 12, 2008. The County also proffers documents related to a complaint of discrimination apparently filed by Plaintiff on June 11, 2009, which bears the case number E200809A0753-00-me/37AA904283. The November, 2008 and June, 2009 complaints were filed both with the DFEH and the EEOC.

The County tenders an EEOC notice, mailed December 8, 2009,

---

[1] The County suggests that Plaintiff was discharged in August, 2009, not August, 2010. County's Mot. at 5 n.3.

2

stating that the agency closed its case on Plaintiff's November, 2008 complaint.  Def.'s Request for Judicial Notice (RJN), Ex. B.  The notice stated that Plaintiff was required to file suit against the County within ninety days.

The County tenders another EEOC notice, mailed April 7, 2010, stating that the agency closed its case on Plaintiff's June 11, 2009 complaint.  RJN, Ex. E.  The notice informed Plaintiff that she was required to file suit against the County within ninety days.

Plaintiff filed her action on September 24, 2010.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally

3

required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. <u>Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.</u>, 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. <u>Id.</u> at 296-97.

DISCUSSION

Plaintiff did not respond substantively to the County's motion to dismiss. Instead, she argues that the County's motion violated her "due process right" because it failed to give her notice of which Rule 12(b) defense the County intended to assert. However, the County makes sufficiently clear that it seeks to dismiss Plaintiff's claims on grounds that her Title VII is time-barred, her invasion of privacy and civil conspiracy claims are not sufficiently plead and her wrongful termination claim is barred as a matter of state law. <u>See</u> County's Mot. at 6-9. This contrasts with <u>Bartholomew v. Port</u>, in which the defendants' motion to dismiss did "not state with particularity the grounds therefor." 309 F. Supp. 1340, 1344 (E.D. Wis. 1970). The County's motion put Plaintiff on notice as to the defenses it raised.

Plaintiff also contends that the County filed the motion in bad faith because it relied on documents outside of the pleadings.

4

Although courts generally cannot consider documentary evidence on a motion to dismiss, doing so is appropriate when the pleadings refer to the documents, their authenticity is not in question and there are no disputes over their relevance. Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010); Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) (holding that courts may properly consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleadings"). In her 1AC, Plaintiff referred to a DFEH complaint filed on June 11, 2009 and attached right-to-sue notices related to a complaint bearing case numbers E200809A0373-01-re and E200809A0373-00-re/37AA904048. The County's proffer relates to these complaints, and Plaintiff does not contest the authenticity or relevance of the tendered documents. Accordingly, the Court may consider them on a motion to dismiss.

Based on these documents, Plaintiff's claims under Title VII are time-barred. "After receiving an EEOC right-to-sue letter or becoming eligible for one by the Commission's inaction, a plaintiff generally has 90 days to file suit." Stiefel v. Bechtel Corp., ___ F.3d ___, 2010 WL 4273357, at *5 (9th Cir.) (citing 42 U.S.C. § 2000e-5(f)(1)). Here, Plaintiff received the EEOC right-to-sue letters in December, 2009 and April, 2010, well over ninety days before she filed suit on September 24, 2010. As noted above, Plaintiff did not respond to this argument, and nothing in her motion or her complaint would support equitable tolling of the statute of limitations. See id. (stating that the "filing period is a statute of limitations subject to equitable tolling in

5

appropriate circumstances") (citation omitted).

Because Plaintiff is proceeding pro se, the Court affords her the opportunity to respond specifically to the County's argument concerning her Title VII claim. In any response, she may contest the authenticity of the documents proffered by Defendant, if she can truthfully do so, or provide grounds for applying the doctrine of equitable tolling, excusing her from the ninety-day filing requirement.[2] Plaintiff shall not offer argument related to any of her other claims or re-assert those arguments she included in her current opposition.

Notably, Plaintiff's Title VII claim enabled the Court to exercise federal question jurisdiction of her action. See 28 U.S.C. § 1331; 1AC ¶ 1. If it is dismissed, no federal claim would remain in her suit and, as a result, the exercise of supplemental jurisdiction over her remaining state law claims is not necessary.[3] 28 U.S.C. § 1367(c)(3). These claims would be dismissed without prejudice to refiling in state court.

---

[2] To invoke the doctrine of equitable tolling, Plaintiff must show her "excusable ignorance of the limitations period" and the lack of prejudice to the County. Santa Maria v. Pac. Bell, 202 F.3d 1170, 1176 (9th Cir. 2000). This may include circumstances in which, despite her diligence, Plaintiff was "unable to obtain vital information bearing on the existence" of her Title VII claim. Id. at 1178. However, Plaintiff may not invoke equitable tolling if, within the ninety-day filing period, she had "sufficient information to know of the possible existence of a claim." Id. at 1179; see also Scholar v. Pac. Bell, 963 F.2d 264, 268 (9th Cir. 1992) (stating that courts "have been generally unforgiving" in excusing a plaintiff's failure "to exercise due diligence in preserving his legal rights") (citation omitted).

[3] Plaintiff does not assert that the Court has diversity jurisdiction. See 28 U.S.C. § 1332.

CONCLUSION

For the foregoing reasons, the Court DEFERS its decision on the County's motion to dismiss pending Plaintiff's response to the argument that her Title VII claim is time-barred. Plaintiff may file an opposition in a brief not to exceed five pages within seven days of the date of this Order. The County may reply three days thereafter in a brief not to exceed three pages. If Plaintiff fails to file a response, her Title VII claim will be dismissed with prejudice as time-barred, and her state law claims will be dismissed without prejudice to refiling in state court.

The hearing set for December 16, 2010 is VACATED.

IT IS SO ORDERED.

Dated: 12/8/2010

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

FRANCIS et al,

        Plaintiff,

v.

COUNTY OF SAN MATEO et al,

        Defendant.

Case Number: CV10-04343 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 8, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Martina Francis
1918 Lakeshore Avenue, #47
Oakland, CA 94606

Dated: December 8, 2010

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

8