IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTINA FRANCIS,<br><br>      Plaintiff,<br><br>  v.<br><br>COUNTY OF SAN MATEO, a municipal corporation; DEPARTMENT OF HEALTH ADMINISTRATION, a department of County of San Mateo; and FAMILY HEALTH SERVICES, a department of County of San Mateo,<br><br>      Defendants.<br>_____/ | No. C 10-04343 CW<br><br>ORDER GRANTING DEFENDANT COUNTY OF SAN MATEO'S MOTION TO DISMISS (Docket No. 18) AND DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE TO REFILING IN STATE COURT |

On December 8, 2010, the Court deferred its decision on the motion to dismiss of Defendant County of San Mateo[1] and afforded Plaintiff Martina Francis, who is proceeding pro se, an opportunity to respond to its argument that her claim under Title VII is time-barred. Plaintiff timely filed a response, but disregarded the Court's directions concerning the length and scope of her brief. The County filed a brief in response to Plaintiff's submission.

Plaintiff does not dispute that she received right-to-sue letters from the Equal Employment Opportunity Commission (EEOC) on December 8, 2009 and April 7, 2010. These letters clearly stated that, if Plaintiff intended to sue based on the underlying EEOC charges of discrimination, she was required to do so within ninety days of the date she received the letters. Plaintiff's lawsuit was

---
[1] The County's motion encompassed the claims against itself and the other named Defendants, which are its subordinate departments.

filed on September 24, 2010, well after the ninety-day period had elapsed with respect to both letters.

Plaintiff argues that the County should be equitably estopped from asserting a statute of limitations defense. She points to a March 26, 2010 letter that she attributes to the County, which stated,

> Notice is hereby given that your claim, which was received in the office of the Board of Supervisors on February 4, 2010, was presented to the Board of Supervisors on March 23, 2010, and rejected in its entirety by said Board.
>
> WARNING: Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a state court action on this claim. (See [California] Government Code Section 945.6)

Pl.'s Request for Judicial Notice (RJN), Ex. A at 3.[2] At the time the letter was sent, Plaintiff had an attorney who was assisting her in filing her administrative claims. Supp. Opp'n 3.

"Equitable estoppel focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit."[3] Santa Maria v. Pac. Bell, 202 F.3d 1170, 1176 (9th Cir. 2000). To determine whether the doctrine applies, a court may consider several factors, including: "(1) the plaintiff's actual and

---

[2] Because the County does not oppose Plaintiff's request for judicial notice, the Court GRANTS it.

[3] In its Order of December 8, 2010, the Court granted Plaintiff leave to argue that the doctrine of equitable tolling should apply. Under that doctrine, a party may ask a court to toll a statute of limitations based on "excusable ignorance of the limitations period" and the lack of prejudice to the non-requesting party. Santa Maria, 202 F.3d at 1176. Plaintiff did not make such an argument. Further, Plaintiff cites California law in support of her argument. However, because a federal statute of limitations is at issue, federal law applies.

reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied." Id. None of these factors weigh in favor of Plaintiff.

Plaintiff asserts that the County's March 26, 2010 letter misled her into believing that she had until September 26, 2010 to file suit on her EEOC charges. If Plaintiff relied on the letter for that point, she did so unreasonably. The letter stated that a claim was presented to the County's Board of Supervisors on February 4, 2010 and that a state court action on that claim had to be filed within six months.[4] The letter did not state, as Plaintiff asserts, that she had six months to file any civil action. The letter made no mention of Plaintiff's EEOC complaints, did not suggest that it related to them and made no reference to Plaintiff's right to file a suit concerning them in federal court.

Further, the deadline to sue on the charges at issue in the December 8, 2009 EEOC letter had elapsed approximately three weeks before the County's letter was apparently sent. Plaintiff cannot reasonably argue that the letter, received after the deadline had passed, prevented her from timely filing suit. And Plaintiff presumably received the April 7, 2010 EEOC right-to-sue letter after she had received the County's letter. It is unreasonable to believe that the County could override in advance a directive

---

[4] Neither the letter nor Plaintiff explains the subject of the February 4, 2010 claim.

3

contained in a letter sent by a federal commission over a week later.

Additionally, there is no evidence that the County had any improper purpose in sending the March 26, 2010 letter. The letter specifically stated that it pertained to Plaintiff's February 4, 2010 claim and advised her of her right to initiate a state court action on that claim within six months. It did not purport to relate to her EEOC complaints, nor could it be reasonably construed to encompass them.

Plaintiff does not establish that the County should be equitably estopped from asserting that her Title VII claim is time-barred. Accordingly, the Court GRANTS the County's motion to dismiss Plaintiff's Title VII claim. (Docket No. 18.) Although given the opportunity to do so, Plaintiff did not argue that, if granted leave to amend, she could allege facts that support application of the doctrine of equitable tolling. Thus, Plaintiff's Title VII claim is dismissed with prejudice as time-barred.

Plaintiff's Title VII claim gave the Court federal question jurisdiction over her action. See 28 U.S.C. § 1331; First Am. Compl. ¶ 1. Because that claim is dismissed, no federal claim remains in her suit and, as a result, the exercise of supplemental jurisdiction over her remaining state law claims is no longer necessary. 28 U.S.C. § 1367(c)(3). The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses them without prejudice to Plaintiff refiling them in state court.

4

1     The Clerk shall enter judgment with respect to Plaintiff's
2 Title VII claim and close the file.
3     IT IS SO ORDERED.

Dated: 12/27/2010

CLAUDIA WILKEN
United States District Judge